IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILTON DEIBY VICTORINO-BAEZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO.  05-1916(JAG)
Criminal No. 03-268 (JAG)

## REPORT AND RECOMMENDATION

## INTRODUCTION

On August 29, 2005, petitioner Wilton Deiby Victoriano-Baez filed a motion, received through the federal detention center as of August 22, 2005, pursuant 28 U.S.C. § 2255 seeking to vacate his conviction and sentence upon entering a straight plea to an offense under Title 8, United States Code, Section 1326 (a)(2) and (b)(2). (**Docket No. 1**).

Petitioner claims, among others, the following: ineffective assistance of counsel for failure to file a direct appeal after sentencing; not adequately explaining the applicable sentencing guidelines to his case; a Sixth Amendment violation for a jury to determine all elements of punishment; violation of *ex post facto* clause as to his sentence for which he should be re-sentenced without the enhancement presented as a Booker violation.  Finally, petitioner argues a double jeopardy violation was present since he was charged and sentenced for two separate offenses.

After the case was dismissed for petitioner's failure to comply with the orders of the court, upon reconsideration, the case was reinstated and counsel appointed to represent petitioner.[1]

---

[1] On January 26, 2007, CJA voucher was issued.  However, since counsel Elfrick Méndez Morales has not taken any action as to this case, and no hearing is to be entertained herein which would have required legal representation to be

Wilton Deiby Victorino Baez v. United States of America
Civil No. 05-1916 (JAG)
Report & Recommendation
Page No. 2

On January 18, 2007, the government filed its response (**Docket No. 10**).  The case was referred to this Magistrate Judge for report and recommendation.  (**Docket Nos. 14, 15**).

## PROCEDURAL BACKGROUND

On October 1, 2003, petitioner was charged in an Indictment in Criminal Case No. 03-268 (JAG) for being an alien who had been previously deported, was found in the United States, without obtaining, prior to his re-embarkation at a place outside the United States, the express consent of the Attorney General or his designee, in violation of Title 18, United States Code, Section 1326(a)(2) and (b)(2).  It was therein alleged the aforesaid offense was committed after petitioner had been convicted of an aggravated felony.

On December 3, 2003, petitioner was found guilty after entering a plea of guilty and a waiver of jury trial.  (Docket Nos. 13-14 of Cr. 03-268 (JAG)).  On April 4, 2004, sentence was imposed for the only count of the indictment as to which a straight plea had been entered. Petitioner was sentenced to sixty four (64) months of imprisonment, a supervised release term of three (3) years, and a special monetary assessment of one hundred dollars ($100.00).  On August 29, 2005, petitioner filed the present section 2255 petition.

The government's response submits the motion for post-conviction relief is time-barred. Additionally, the government claims the grounds presented by petitioner in this Section 2255 motion lack merit.  We shall discuss these issues below.

appointed, the appointment made by the court should be considered solely for appeal purposes, if appropriate.

## LEGAL ANALYSIS

### A.  Petitioner's § 2255 Motion is Time-Barred.

To determine if a section 2255 petition is time barred, one must first look at the language of the statute. A one-year statute of limitations was enacted by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  In its pertinent part, section 2255 reads as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of …  (1) the date on which the judgment of conviction becomes final[.] Title 28, United States Code, Section 2255, ¶ 6.

A conviction is not final as long as the defendant can appeal either the conviction or the sentence imposed upon him. Griffith v.. Kentucky, 479 U.S. 314, 321 (1987); United States v. Colvin, 204 F.3d 1221, 1224 (9th Cir. 2000). Accordingly, for purposes of a petition under section 2255, the judgment is considered to be "final" when the Supreme Court denies a petition for a writ of *certiorari*, and it is from that date that the limitations period starts to run. *See* Griffith, 479 U.S. at 321 n. 6; Derman v. United States, 298 F.3d 34 (1st Cir. 2002); United States v. Marcello, 212 F.3d 1005, 1008 (7th Cir. 2000); United States v. Thomas, 203 F.3d 350, 352-53 (5th Cir. 2000).

On the other hand, a conviction for a federal defendant who fails to file a petition for a *writ of certiorari* becomes final when the period in which he reasonably might have done so expires. Derman, 298 F.3d at 34; United States v. Burch, 202 F.3d 1274, 1276 (10th Cir. 2000) (if a defendant does not file a petition for a *writ of certiorari* with the U.S. Supreme Court after a direct appeal, the judgment of conviction becomes final when the time for filing the *certiorari*

Wilton Deiby Victorino Baez v. United States of America
Civil No. 05-1916 (JAG)
Report & Recommendation
Page No. 4

petition expires); <u>Neverson v. Farquharson</u>, 366 F.3d 32, 36 (1st Cir. 2004) (conviction became

final when the ninety-day period for seeking *certiorari* expired)(*quoting* <u>Clay v. United States</u>,

537 U.S. 522, 527, 123 S.Ct. 1072 (2003) (discussing finality for purposes of post-conviction

relief.)[2]

Petitioner's conviction in this case was not subject of direct appeal to the Court of

Appeals for the First Circuit.  Petitioner was sentenced on April 2, 2004 (**Docket No. 18**) and

judgment was entered on April 22, 2004 (**Docket No. 20**).  Thus, petitioner had ten (10) days

thereafter to file the appeal, that is until May 6, 2004. Petitioner did not file a petition for *writ*

*of certiorari* before the Supreme Court.  Therefore, petitioner's conviction became final when

the ninety (90) day period to file the *certiorari* expired, that is, August 6, 2004.  From such date,

the AEDPA's one-year limitations period started and was to expire then at the latest on August

6, 2005.  Petitioner's Section 2255 petition was filed on August 29, 2005.  The record also

shows petitioner's signature on the motion for post-conviction relief at the federal penal

institution to be dated August 17, 2005, for which even if we take that he delivered the same

within the prison system for outside mail on the same date it was signed, it still falls outside the

one-year limitation period and would be time-barred for exceeding the one year limitation

imposed by AEDPA.

In view of the foregoing, the petition is considered to be time-barred and it is

recommended that the § 2255 petition be DENIED.

---

[2] *See, e.g.*, <u>United States v. Garcia</u>, 210 F.3d 1058, 1060 (9th Cir. 2000); <u>United States v. Gamble</u>, 208 F.3d 536, 537 (5th Cir. 2000); <u>Kapral v. United States</u>, 166 F.3d 565, 570 (3rd Cir. 1999)(holding conviction becomes final when the time for seeking certiorari expires).

## B.   Petitioner's Remaining Claims Lack Merit.

### 1.  Ineffective Assistance

In the alternative that petitioner's claims are not considered to be time-barred, his claims regarding the sentence received to be a <u>Booker</u> violation and double jeopardy constitutional breach for having been enhanced when the offense entailed two (2) separate criminal offenses would lack merit.  As such, the claim that counsel failed to file an appeal had no reasonable grounds for relief.[3]

A convicted defendant who alleges ineffective assistance of counsel must show that the errors committed were so serious that the assistance of counsel fell below an objective standard of reasonableness. *See* <u>United States v. Michaud</u>, 925 F.2d 37, 41 (1st Cir. 1991); <u>United States v. Levy</u>, 897 F.2d 596 (1st Cir. 1990). *See, e.g.*, <u>Tollett v. Henderson</u>, 411 U.S. 258 (1973); <u>McCann v. Richardson</u>, 397 U.S. 759 (1970). To establish a claim of ineffective assistance of counsel, a criminal defendant must show both that his counsel's performance was deficient and that this deficiency prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To make this showing, the defendant must overcome the strong presumption that counsel rendered adequate assistance by demonstrating that counsel's representation fell outside the "wide range of professionally competent assistance" and that "there is a reasonable probability that, but for

---

[3]  Even when defendant pleads guilty, in determining whether counsel had constitutionally-imposed duty to consult with defendant about appeal, court must consider such factors as whether defendant received sentence bargained for as part of plea and whether plea expressly reserved or waived some or all appeal rights.  <u>Roe v. Flores Ortega</u>, 528 U.S. 470, 120 S.Ct. 1029 (2000).

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 690-691, 694. Thus, "(f)ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700.

Although petitioner claims in a general way he wanted to appeal, he does not attest having so instructed his counsel.  Neither is there any discussion that, upon being advised by the court both at the time of entering his plea or at the time of sentence that he would be entitled to appeal, petitioner attempted to file a *pro-se* appeal or so indicate.  As such, his belated assertion of wanting an appeal to his sentence is contradicted by the record.

## 2.  Enhancement of Sentence or Double Jeopardy.

The government has properly argued, which is herein incorporated, petitioner's claim fails insofar that his sentence was illegally enhanced because Sections 1326(a)(2) and (b)(2) comprise separate criminal offenses.

In Almendárez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court ruled that Title 8, United States Code, Sections 1326(a) and (b) do not define separate offenses; rather Section 1326(b) merely sets out enhanced penalties for certain categories of defendants who have engaged in the conduct described in Section 1326(a).  *See* United States v. Johnstone, 251 F.3d 281, 285 n.7 (1st Cir. 2001) (same). Since Section 1326(b) sets a sentencing factor of a separate offense, petitioner's claim should be rejected.

Insofar as the Booker violation claimed by petitioner which would cause the sentence to be unconstitutional, Booker is not retroactively applicable, and as such not an avenue of relief

to petitioner's motion.[4]  In <u>Booker</u>, the Supreme Court ruled the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum guideline sentence authorized by the facts found by the jury alone. "The error is not that a judge (by a preponderance of the evidence) determined facts under the Guidelines which increased a sentence beyond that authorized by the jury verdict or an admission by the defendant; the error is only that the judge did so in a mandatory Guidelines system.". *See* <u>United States v. Antonakopoulos</u>, 399 F.3d 68, 75 (1st Cir. 2005). In order to preserve the guidelines' constitutionality, the Court excised the statutory provision that made them mandatory, rendering them merely advisory. *See* <u>United States v. Work</u>, 409 F.3d 484, 488 (1st Cir. 2005) (<u>Booker</u> error can occur if the sentencing court treats the federal sentencing guidelines as mandatory).

Since petitioner was sentenced in April of 2004, and <u>Booker</u> was decided on January 12, 2005 and since the <u>Booker</u> holding has not been made retroactively applicable to collateral relief, this claim raised by petitioner also fails. "Petitions under 28 U.S.C. § 2255 are unavailable to advance <u>Booker</u> claims in the absence of a Supreme Court decision rendering <u>Booker</u> retroactive". *See* <u>United States v. Fraser</u>, 407 F.3d 9, 10 (1st Cir. 2005); <u>Cirilo-Muñoz v. United States</u>, 404 F.3d 527, 532 (1st Cir.2005) (same).

### 3.  Double Counting when Sentence was Imposed.

Petitioner also alleges that, pursuant to the Sentencing Guidelines, the district court double counted his sentence by the use of the offense level and criminal history computations.

---

[4] <u>United States v. Booker</u>, 543 U.S. 220 (2005).

Prior offenses are appropriately factored into both the offense level and the criminal history category because prior offenses play a separate and distinct role in each category. *See* United States v. Zapata, 1 F.3d 46, 48 (1st Cir. 1993) (holding that consideration of defendant's prior drug trafficking conviction in calculating both his offense level and his criminal history category was not impermissible double counting).

Furthermore, the offense level "represents a judgment as to the wrongfulness of the particular act." United States v. Campbell, 967 F.2d 20, 25 (2d Cir. 1992). The criminal history category principally estimates the "likelihood of recidivism." *Id*. (citing U.S. Sentencing Guidelines Manual, Chapter 4, Introductory Commentary (2004)).

In Campbell, the Second Circuit rejected a challenge to a judge's use of a prior conviction to calculate both offense level and criminal history category in an illegal reentry case, holding that while counting a prior offense in the calculation of both criminal history and offense level "may be double counting in a literal sense, double counting is legitimate where a single act is relevant to two dimensions of the Guidelines analysis." *See also* United States v. Delgado-Reyes, 245 F.3d 20, 21 (1st Cir. 2001) (stating that the Guidelines treat the offense level and criminal history calculations separately); United States v. Pereira, 465 F.3d 515, 522 (2nd Cir. 2006) (district court does not err when it uses a prior offense to calculate both the offense level and the criminal history category to determine the correct Guidelines range in unlawful reentry cases).

Wilton Deiby Victorino Baez v. United States of America
Civil No. 05-1916 (JAG)
Report & Recommendation
Page No. 9

Under the above rationale, petitioner's claims for relief lack merit and he would not be entitled to post-conviction relief.[5]

## CONCLUSION

In light of the above discussed, it is recommended that petitioner's motion for post-conviction relief pursuant to § 2255 be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 27th day of November of 2007.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE

---

[5] Additionally, a review of the report and recommendation issued after the Rule 11 hearing was entertained where defendant had entered a straight plea of guilty shows he was clearly explained about the increased level of the sentencing for being an alien who was formerly removed from the United States following a conviction for an aggravated felony. (Docket No. 14, p. 8, Criminal No. 03-268(JAG)).